COPY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FAXED

1  Abraham J. Colman (SBN 146933)
   Email: acolman@reedsmith.com
2  Raymond Y. Kim (SBN 251210)
   Email: rkim@reedsmith.com
3  Cristyn N. Chadwick (SBN 280705)
   Email: cchadwick@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone:  213.457.8000
6  Facsimile:  213.457.8080

7  Attorneys for Defendant
   Bank of America, National Association

8

9              UNITED STATES DISTRICT COURT

10     NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

11  ALAN KNUTTI,                          CV13-      1151  PSG

                                          Case No.
12              Plaintiff,
                                          [Removal from the Superior Court of California,
13     vs.                                County of Santa Clara, Case No.
                                          113CV241065]
14  BANK OF AMERICA, NATIONAL
   ASSOCIATION an FDIC insured corporation and   **DEFENDANT BANK OF AMERICA,**
15  DOES 1 to 100, inclusive,            **NATIONAL ASSOCIATION'S NOTICE OF**
                                          **REMOVAL OF ACTION PURSUANT TO**
16              Defendants.               **28 UNITED STATES CODE SECTIONS**
                                          **1331 AND 1441(B)**
17
                                          [FEDERAL QUESTION]
18
                                          [Filed concurrently with:
19                                          1. Notice of Related Cases;
                                           2. Certificate of Interested Parties;
20                                          3. Corporate Disclosure Statement;
                                           4. Civil Cover Sheet.]
21

22

23

24

25

26

27

28

US_ACTIVE-112249891.1-CNCHADWI

DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION

**PLEASE TAKE NOTICE** that defendant Bank of America, National Association.[1] ("BANA") hereby removes this action from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 United States Code Sections 1331 and 1441 (Federal Question).  The removal of this action is based on the following:

## I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 UNITED STATES CODE SECTIONS 1331 AND 1441

1.     On or about February 13, 2013, plaintiff Alan Knutti ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Santa Clara, entitled *Alan Knutti v. Bank of America, National Association, et al.*, Case No. 113CV241065.

2.     Plaintiff's action alleges that BANA engaged in unlawful credit reporting practices relating to a credit card debt that was discharged through Plaintiff's Chapter 7 bankruptcy petition. [Compl. ¶¶ 10-23.]  Based on these allegations, Plaintiff asserts three causes of action:  (1) violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq.*; (2) violation of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 *et seq.*; and (3) violation of the California Unfair Competition Law, Business and Professions Code § 17200 *et seq.*

3.     This action is a civil action over which this Court has original jurisdiction under 28 United States Code Section 1331, and is one which may be removed to this Court pursuant to the provisions of 28 United States Code Section 1441(b) in that it is a civil action arising under the laws of the United States.

4.     Plaintiff's state common law and statutory claims arise from the same operative facts as BANA's allegedly unlawful credit reporting practices under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 *et seq.*  These claims form a part of the same case and controversy

---

[1] Bank of America, National Association has been incorrectly named as a defendant in this action.  FIA Card Services, N.A., a subsidiary of Bank of America Corporation, is the proper entity for purposes of Plaintiff's credit card related claims.  Therefore, FIA Card Services, N.A., not "Bank of America, National Association," should be the named defendant in this case.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

pursuant to 28 United States Code Section 1367(a).  Accordingly, this Court has supplemental jurisdiction over Plaintiff's state common law and statutory claims.

## II.        THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.        On February 20, 2013 BANA was served with a copy of the Summons and Complaint.  This Notice of Removal is therefore timely under 28 United States Code Section 1446(b).

2.        On March 13, 2013, BANA filed an Answer to the Complaint.  Copies of all state court process, pleadings, and orders received and/or filed by BANA are attached to this Notice as Exhibit "A" and incorporated herein by this reference.

3.        BANA is the only named defendant in this action.  Accordingly, consent from other parties for removal is not required.

4.        Pursuant to Civil Local Rule 3-2, the United States District Court for the Northern District of California, San Jose Division, is the proper division to where this matter should be assigned because Plaintiff is a resident of the County of Santa Clara and a substantial portion of the events which give rise to the claim occurred in the County of Santa Clara.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.        No previous request has been made for the relief requested herein.

6.        In compliance with 28 United States Code Section 1446(d), BANA will serve on Plaintiff a notice of filing Notice of Removal, attaching a copy of this Notice of Removal, and will file the same with the Superior Court of the State of California for the County of Santa Clara.

7.        **WHEREFORE**, BANA files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the United States District Court for the Northern District of California – San Jose Division, located at United States District Court, 280 South First Street, Room 3035, San Jose, California 95113-3099.

/ / /

/ / /

/ / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    8.      **WHEREFORE**, BANA prays that this action be removed from the Superior Court of

2    the State of California for the County of Santa Clara to the United States District Court for the

3    Northern District of California.

4

5    DATED:  March 14, 2013

6                     REED SMITH LLP

7

8                   By_____

                        Abraham J. Colman

9                       Raymond Y. Kim

                        Cristyn N. Chadwick

10                    Attorneys for Defendant

                      Bank of America, National Association

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S NOTICE OF REMOVAL OF ACTION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

2013 Feb-21 12 14 PM BANK OF AMERICA 4084543877                                    9/27

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America, National Association an FDIC insured corporation and
DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Alan Knutti

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es:)* Santa Clara <br><br> 191 North First Street <br> San Jose, CA 95113 | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> 1 1 5 C V 2 4 1 0 6 5 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Gale, 333 West San Carlos Street, Suite 20, San Jose, CA 95110, 1-408-259-2288

DATE: FEB 8 2013                          Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☑ on behalf of *(specify):* Bank of America, National Association |
| | under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):*      Page 1 of 1 |

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — SCOTT J. SAGARIA (BAR # 217981) <br> ELLIOT W. GALE (#263326) <br> SAGARIA LAW, P.C. <br> 333 West San Carlos Street, Suite 1750 San Jose, CA 95110 <br> TELEPHONE NO.: 408-279-2288    FAX NO.: 408-279-2299 | |

ATTORNEY FOR *(Name):* Alan Knutti

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Civil

CASE NAME:
Knutti v. Bank of America, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 1 1 3 C V 2 4 1 0 6 5 |
| | | | JUDGE:         DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) <br> [ ] Other collections (09) <br> [ ] Insurance coverage (18) <br> [ ] Other contract (37) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) <br> [ ] Mass tort (40) <br> [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** <br> [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/inverse condemnation (14) <br> [ ] Wrongful eviction (33) <br> [ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) <br> **Enforcement of Judgment** <br> [ ] Enforcement of Judgment (20) |
| **Non-PI/PD/WD (Other) Tort** <br> [✓] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) <br> [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) <br> [ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) <br> [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) <br> [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | **Miscellaneous Civil Complaint** <br> [ ] RICO (27) <br> [ ] Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) <br> [ ] Other petition *(not specified above)* (43) |
| **Employment** <br> [ ] Wrongful termination (36) <br> [ ] Other employment (15) | | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Three
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 5, 2013

Elliot Gale
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

2013-Feb-21 12:14 PM BANK OF AMERICA 4084543877                                          11/27

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: __1 1 3 C V 2 4 1 0 6 5__

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

_DEFENDANT_ (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the _Complaint_, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the _Summons and Complaint_;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

_RULES AND FORMS:_ You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: Carol Overton                     Department: __5__

The 1st CMC is scheduled for: {Completed by Clerk of Court}
          Date: __6-11-13__          Time: 3:45pm   in Department: __5__

The next CMC is scheduled for: {Completed by party if the 1st CMC was continued or has passed}
          Date: _____          Time: _____   in Department: _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Form CV-5012 REV 7/01/08                     CIVIL LAWSUIT NOTICE                     Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties-to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute: the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

2013-Feb-21 12 14 PM BANK OF AMERICA 4084543877                                    13/27

< Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    < The action is for personal injury, property damage, or breach of contract
    < Only monetary damages are sought
    < Witness testimony, under oath, needs to be evaluated
    < An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
       < The parties have complex facts to review
       < The case involves multiple parties and problems
       < The courthouse surroundings would be helpful to the settlement process

< Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:

Santa Clara County Superior Court                                 Santa Clara County DRPA Coordinator
ADR Administrator                                             408-792-2704
408-882-2530

---

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/08

2013-Feb-21 12 06 PM BANK OF AMERICA 4084543877                                    1/27



SCOTT J. SAGARIA (BAR # 217981)
SJSagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
Egale@sagarialaw.com
**SAGARIA LAW, P.C.**
333 West San Carlos Street, Suite 620
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SANTA CLARA

### UNLIMITED JURISDICTION

CASE NO.:   1 1 3 C V 2 4 1 0 6 5

ALAN KNUTTI,

                    Plaintiff,

        v.

BANK OF AMERICA, NATIONAL
ASSOCIATION an FDIC insured
corporation and DOES 1 through 100
inclusive,

                    Defendants.

COMPLAINT FOR DAMAGES:

1. Violation of Fair Credit Reporting Act;
2. Violation of California Consumer Credit Reporting Agencies Act;
3. Violation of California Unfair Business Practices Act

COMES NOW Plaintiff ALAN KNUTTI, an individual, based on information and belief, to allege as follows:

COMPLAINT - 1

2013-Feb-21 12:06 PM BANK OF AMERICA 4084543877                                                    2/27

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of a prepetition debt discharged in bankruptcy. In particular, Defendants' conduct involves inaccurately reporting two of Plaintiff's accounts as "charged off" to the credit reporting agencies ("CRA's") Experian, Equifax, and Transunion after receiving notice of Plaintiff's bankruptcy discharge. In addition, Defendant failed to report the debt as disputed to the CRA's. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Alan Knutti (hereinafter "Plaintiff"), is an individual and currently resides in the county of Santa Clara, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant Bank of America, National Association (hereinafter "Creditor") is located at 101 North Tyron Street Charlotte NC 28201. Creditor collects debts on its own behalf throughout the state of California.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things

COMPLAINT - 2

2013 Feb 21 12 06 PM BANK OF AMERICA 4084543877                                    3/27

1  herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint
2  and all proceedings to set forth the same, pursuant to California Code of Civil
3  Procedure 474.

4  9.  Plaintiff is informed and believes, and thereon alleges, that at all times mentioned
5  herein, each of Defendant is, and at all relevant times herein was, the agent, employee,
6  and alter ego of each of the remaining Co-Defendants, and in committing the acts
7  herein alleged, was acting in the scope of their authority as such agents, employees, or
8  alter egos and with the permission and consent of the remaining Co-Defendants.

9  ## PRE-LITIGATION CLAIM FILINGS

10  10. On or about December 11, 2012 Plaintiff sent a written notice to Experian, Transunion,
11  and Equifax disputing the accuracy of the "charge off" notation reported on Plaintiff's
12  discharged credit account. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting
13  Act, all three CRA's notified Creditor of Plaintiff's dispute.  After receiving notice of
14  Plaintiff's allegations, Creditor continued reporting the status of the accounts as
15  "charged off" while also failing to report that Plaintiff disputed the account
16  information.

17  ## GENERAL ALLEGATIONS

18  11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and
19  every paragraph above, as though fully set forth herein.

20  12. On April 30, 2012 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the
21  United States Bankruptcy Court for the Eastern District of California.

22  13. In the Schedules filed with the petition in this case and on the master mailing matrix
23  filed with the Clerk of this Court, an secured debt was listed on Schedule F in favor of
24  Creditor in the amount of $10,729.00.

25  14. On August 6, 2012 Plaintiff was granted a discharge of all dischargeable debts pursuant
26  to 11 U.S.C. § 727.  Creditor was noticed by electronic transmission of Plaintiff's
27  discharge on August 7, 2012. Since Plaintiff never re-affirmed Creditor's debt during
28  bankruptcy, Plaintiff alleges that this Discharge included the debt owed to Creditor.

2013-Feb-21 12:06 PM BANK OF AMERICA 4084543877                                              4/27

15. On October 15, 2012 Plaintiff pulled credit reports from Experian, Equifax, and Transunion to ensure accurate reporting. The reports indicate that Creditor reported the accounts as "charged off" and "past due" to all three CRA's after entry of the discharge order.

16. Plaintiff alleges the information was misleading and inaccurate. Plaintiff alleges the "charge off" notation was inaccurate because it suggests that the account Defendant still has the ability to enforce the debt personally against Plaintiff. Plaintiff alleges that the "charge off" notation was also inaccurate because it violates the industry standard for credit reporting under the Metro 2 Format. Plaintiff alleges that upon entry of the discharge order, Defendant instead should have reported a "no data" notation in the payment history section of Plaintiff's credit reports.

17. On or about December 12, 2012 Plaintiff sent a letter to the CRA's Experian, Transunion, and Equifax requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed the accuracy of the "charge off" notation Creditor reported on the account after entry of the discharge order. Plaintiff alleges all three CRA's sent notice of Plaintiff's dispute to Creditor.

18. On or about December 20, 2012 Plaintiff received a reinvestigation report from Equifax. Plaintiff alleges the report indicates that Creditor corrected and updated the account information to accurately reflect the bankruptcy discharge.

19. On or about January 10, 2013 Plaintiff received reinvestigation reports from Experian and Transunion. Plaintiff alleges the Transunion report indicates that Creditor corrected and updated the account information to accurately reflect the bankruptcy discharge. Plaintiff alleges the Experian report indicates that Creditor continued reporting the inaccurate "charge off" notation.

20. To date, Creditor still refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian, Equifax, and Transunion.

21. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

22. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

23. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

**FIRST CAUSE OF ACTION**
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

24. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

25. Creditor, in the course of regular business, reports information to credit reporting agencies.

26. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian, Transunion, and Equifax. All three CRA's sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to Section 1681s-2(b).

27. Plaintiff alleges that the results he received from the CRA's indicate Creditor concluded that the account information was inaccurate following its investigation. Plaintiff therefore alleges that Creditor should have prevented any future misreporting to the CRA's pursuant to 15 U.S.C. § 1681s-2(b)(1)(E).

28. Plaintiff alleges Credit violated 15 U.S.C. § 1681s-2(b)(1)(E) by re-reporting the inaccurate "charge off" notation to Experian.

29. Plaintiff is informed that Creditor separately violated Section 1681s-2(b) by failing to report to Experian that Plaintiff still disputed the account information.

30. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. § 1681(n) & (o).

38. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

39. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

40. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

41. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, denial of credit, and such further expenses in an amount to be determined at trial.

42. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

43. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

44. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

45. Plaintiff brings this action in individual capacity and on behalf of the general public.

46. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

47. Commencing on or about September 18, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

48. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

49. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

50. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

    e.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    f.  For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

    g.  For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands trial of this matter by jury.

3

4                                        **SAGARIA LAW, P.C.**

5

6    Dated: February 7, 2013          By:

7                                        Scott Sagaria, Esq.

8                                        Elliot Gale, Esq.
                                         Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Scott Sagaria (#217981)<br>Elliot Gale (#263326)<br>Sagaria Law, P.C.<br>333 W. San Carlos St. Suite 620 San Jose, CA 95113<br>TELEPHONE NO.: 408-279-2288   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Alan Knutti | 2013 FEB 21  A 11: 47<br><br>J. Cao-Nguyen |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara | |
|---|---|
| STREET ADDRESS: 191 North First Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Jose 95113 | |
| BRANCH NAME: Civil | |

| PLAINTIFF/PETITIONER: Alan Knutti | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, National Association | 1-13-241065<br>1-13-CV-241065 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☑ Alternative Dispute Resolution (ADR) package
    d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☐ other *(specify documents)*:
3.  a.  Party served *(specify name of party as shown on documents served)*:

    Bank of America, National Association

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

    Caesar Ramirez Branch Teller

4.  Address where the party was served:
    125 S. Market St. San Jose, CA 95113
5.  I served the party *(check proper box)*
    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: February 20, 2013  (2) at *(time)*:  12:15 p.m.
    b. ☐ **by substituted service.** On *(date)*:                at *(time)*:                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                from *(city)*:                or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Alan Knutti | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, National Association | 1-13-241065 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:          (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):*  Bank of America, National Association
     under the following Code of Civil Procedure section:

     ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
     ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
     ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
     ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
     ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                         ☐ other:

7. **Person who served papers**
  a. Name: Jarrett Osborne-Revis
  b. Address: 333 W. San Carlos St. Suite 620 San Jose, CA 95113
  c. Telephone number: 408-279-2288
  d. **The fee** for service was: $ 0
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 20, 2013

Jarrett Osborne-Revis
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )



1  Abraham J. Colman (SBN 146933)
   Email: acolman@reedsmith.com
2  Raymond Y. Kim (SBN 251210)
   Email: rkim@reedsmith.com
3  Cristyn N. Chadwick (SBN 280705)
   Email: cchadwick@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA 90071-1514
   Telephone:   213.457.8000
6  Facsimile:   213.457.8080

7  Attorneys for Defendant
   Bank of America, National Association

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11

12  ALAN KNUTTI,                          Case No. 113CV241065

13           Plaintiff,                   **DEFENDANT BANK OF AMERICA,
                                          NATIONAL ASSOCIATION'S ANSWER
                                          TO PLAINTIFF'S COMPLAINT**
14       vs.

15  BANK OF AMERICA, NATIONAL
    ASSOCIATION an FDIC insured corporation and    Complaint Filed:   February 13, 2013
16  DOES 1 to 100, inclusive,
                                          The Hon. Carol Overton – Dept. 5
17           Defendants.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

ENDORSED
FILED

2013 MAR 13  P 1: 02

David H. Yamasaki, Chief Exec. Officer/Clerk Superior Court
County of Santa Clara, California
By: _____
Deputy

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

COPY

FAXED

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Defendant Bank of America, National Association[1] (hereinafter "Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff Alan Knutti ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant denies each and every allegation contained in the Complaint and each alleged cause of action, and denies that Plaintiff has been harmed or is entitled to any relief. Defendant further denies that Plaintiff has sustained damages in the amounts alleged in the Complaint, or any other amount, or any damages at all, by reason of any act or breach on the part of Defendant or its agents, representatives or employees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.      Plaintiff's claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

2.      Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3.      Plaintiff's claims are barred by all applicable statutes of limitations, including but not limited to California Civil Code §§ 1783, 1785.33 and 1788.30, Civil Procedure Code §§ 337, 338, 339, 340 and 343, and 15 United States Code § 1681p.

/ / /

/ / /

/ / /

---

[1] Bank of America, National Association has been incorrectly named as a defendant in this action. FIA Card Services, N.A., a subsidiary of Bank of America Corporation, is the proper entity for purposes of Plaintiff's credit card-related claims. Therefore, FIA Card Services, N.A., not "Bank of America, National Association," should be the named defendant in this case.

BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.    Plaintiff has waived any and all claims, rights and demands that he had or may have against Defendant, and any claims by Plaintiff asserted herein are subject to that waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification/Consent)

6.    Plaintiff has ratified or consented to the actions and conduct of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

7.    Plaintiff fails to show that any alleged acts or omissions of Defendant caused the damages, injuries, or losses claimed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Complaint Moot)

8.    The Complaint and/or each cause of action therein, is barred by the doctrine of mootness.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

9.    Any damages purportedly suffered by Plaintiff resulted from his own negligence, acts or conduct.

/ / /

/ / /

/ / /

/ / /

/ / /

BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER TO COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

(Fault of Plaintiff and/or Others)

3      10.      If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was

4      directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

5      activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff or of

6      third parties, and not Defendant.

7

## ELEVENTH AFFIRMATIVE DEFENSE

8

(No Damages)

9      11.      Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by

10     Defendant.

11

## TWELFTH AFFIRMATIVE DEFENSE

12

(Offset)

13     12.      Defendant is entitled to an offset of the claims set forth in the Complaint sufficient to

14     diminish or defeat the recovery thereunder by Plaintiff.

15

## THIRTEENTH AFFIRMATIVE DEFENSE

16

(Innocent Mistake/Bona Fide Error)

17     13.      Any alleged acts or omissions of Defendant giving rise to the claims of Plaintiff, if

18     any, are the result of innocent mistake and/or bona fide error despite reasonable procedures

19     implemented by Defendant.  Defendant, at all times acted in a reasonable manner in connection with

20     the transactions at issue in this action.

21

## FOURTEENTH AFFIRMATIVE DEFENSE

22

(Lack of Intent)

23     14.      Defendant specifically denies that it acted with any intent or knowledge to cause any

24     injury or loss to Plaintiff.

25

## FIFTEENTH AFFIRMATIVE DEFENSE

26

(Justification)

27     15.      The acts and omissions alleged in the Complaint were justified.

28     / / /

BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER TO COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## SIXTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

16.     The claims of Plaintiff are uncertain, ambiguous, and unintelligible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

17.     Plaintiff has failed, in whole or in part, to mitigate his alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

18.     With respect to all matters alleged in the Complaint, Defendant at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

(Reasonable Investigation)

19.     Defendant conducted a reasonable investigation in response to a notice of dispute it received relating to the credit reporting of Plaintiff's account at issue in this lawsuit.

## TWENTIETH AFFIRMATIVE DEFENSE

(Compliance with Law)

20.     Defendant met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Defendant, including California Civil Code §§ 1747 et seq., 1785 et seq.,  and 1788 et seq. and 15 U.S.C. § 1681 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Perform Duties Under Contract)

21.     Plaintiff  failed to perform his obligations under the contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Improper Entity)

22.     Plaintiff has erroneously named Bank of America, National Association as the defendant in this action.

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim to Attorneys' Fees)

23.     The Complaint and each purported claim for relief therein fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Malice)

24.     Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Right to Compel Arbitration)

25.     Defendant reserves its right compel arbitration of this matter, pursuant to the relevant agreement(s).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Preemption)

26.     One or more of the causes of action asserted by Plaintiff are subject to preemption by governing federal statute(s), including but not limited to the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Statutory Bar)

27.     One or more of the causes of action asserted by Plaintiff are barred by Civil Code section 1785.32.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

28.     Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of the Complaint;

2.     For its costs of suit herein;

3.     For attorney's fees according to proof; and

4.     For such other and further relief as this Court may deem just and proper.

DATED:  March 13, 2013

REED SMITH LLP

By_____

Abraham J. Colman
Raymond Y. Kim
Cristyn N. Chadwick
Attorneys for Defendant
Bank of America, National Association

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –

*ALAN KNUTTI v. BANK OF AMERICA, N.A., et al*
Santa Clara Superior Court – San Jose - Case No.: 113CV241065

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071.  On March 13, 2013, I served the following document(s) by the method indicated below:

- **DEFENDANT BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| ☐ | by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 PM  and was reported complete and without error.   The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.   Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct 2.306. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. (See attached Service List)  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. |
| ☐ | by transmitting via email to the parties at the email addresses listed below: |

SEE SERVICE LIST ATTACHED

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 13, 2013, at Los Angeles, California.

Yolanda Rodriguez

– 1 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1

*ALAN KNUTTI v. BANK OF AMERICA,N.A., et al*
Santa Clara Superior Court – San Jose - Case No.: 113CV241065

2

3

**SERVICE LIST**

4

| | |
|---|---|
| Scott J. Sagaria, Esq, | ***Attorney for Plaintiff*** |
| Elliot W. Gale, Esq | ***Alan Knutti*** |
| SAGARIA LAW, P.C. | |
| 333 West San Carlos Street, Suite 620 | Off: (408) 279-2288 |
| San Jose, CA 95110 | Fax: (408) 279-2299 |
| | email: |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BANK OF AMERICA, NATIONAL ASSOCIATION'S ANSWER TO COMPLAINT